560

Robert C. Huntley ISB#894
William H. Thomas ISB#3154
Daniel E. Williams ISB#3920
Steven L. Olsen ISB#3586
Christopher F. Huntley ISB#6056
HUNTLEY PARK LLP
250 So. Fifth Street, Suite 660
P.O. Box 2188
Boise, Idaho 83701
Telephone: 208-388-1230
Facsimile: 208-388-0234



ORIGINAL

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

JENNIFER A. MILLER, SHERRY CAITO,
TIMOTHY L. TADDICKEN, GREER K.
CIMBALIK, LAURETTE BOEHLER, APRIL
HELMBOLT, KELLY A. BROWN, NATALIE
WOODLAND, TIMOTHY M. STRATTON,
CARI ROBISON, JERRY MILLER, DEAN M.
HOFFMAN, JASON DOOLEY, KURT
BAXTER, QUENTON KILGORE, TROY L.
SAWYER, RON CURTISS JUSTIN TARTER,
TIM O'NEILL, DUSTIN WAKEFIELD,
AARON NIELSON, TREVOR SHERMAN,
VALINDA KAY MOATS, WENDI LAPINSKI,
DONNA MORRISON, BLAKE TOMPKINS,
LOIS FENTON, DUSTY BLACK, SHAWN
TUCKER, RICHARD L. MADISON, THERESA
THOMAS, BARRY E. KEENE, LOUIS C.
SHAW, and MARK ROGERS,

        Plaintiffs,

vs.

HEWLETT-PACKARD COMPANY, a Delaware
Corporation,

        Defendant.



Case No.  CV

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 1**

Plaintiffs as their claim allege:

## PART I: PRELIMINARY STATEMENT

1.      This a Class Action by and on behalf of more than 3,000 employees throughout all

the facilities of Hewlett-Packard Company throughout the United States of America who have been

deprived of the benefits to which they are entitled under the law as employees because the Company

has mis-classified them as "Contractors".

## PART II; PARTIES, JURISDICTION, AND VENUE

2.      Plaintiffs Jennifer A. Miller, Sherry Caito, Timothy L. Taddicken, Greer K. Cimbalik,

Laurette Boehler, April Helmbolt, Natalie Woodland, Timothy M. Stratton, Cari Robison, Jerry

Miller, Kelly A. Brown, Dean M. Hoffman, Jason Dooley, Kurt Baxter, Quenton Kilgore, Troy L.

Sawyer, Ron Curtiss Justin Tarter, Tim O'neill, Dustin Wakefield, Aaron Nielson, Trevor Sherman,

Valinda Kay Moats, Wendi Lapinski, Donna Morrison, Blake Tompkins, Lois Fenton, Dusty Black,

Shawn Tucker, Richard L. Madison, Theresa Thomas, Barry E. Keene, Louis C. Shaw and Mark

Rogers, at all times relevant, were or are citizens or residents of the State of Idaho, who performed

work at the facilities of Defendant Hewlett-Packard Company ("the Company") in Ada County,

Idaho.  Although they were purported to be employed by third-party employment or temporary

worker agencies (hereinafter "Agencies"), at all relevant times Plaintiffs were common-law

employees of Defendant Hewlett-Packard Company.

3.      Plaintiffs were incorrectly classified by the Company as "contractors", or "contingent

workers" or other similar names to avoid or conceal the fact that they were entitled under the law

to all the benefits of "employee" status.

4.      Defendant Hewlett-Packard Company is a Delaware corporation with its principal

place of business in Palo Alto, California.  Defendant maintains a facility in Boise, Idaho ("H-P

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 2**

Boise") devoted to, among other things, Defendant's printer manufacturing business.

5.    Jurisdiction is invoked, *inter alia,* pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  The amount in controversy exceeds $300 Million excluding interest, costs and attorney fees.

6.    Venue is proper in the Southern Division of the District of Idaho.

## PART III: FACTUAL ALLEGATIONS

7.    Plaintiffs incorporate paragraphs 1 through 6 above.

8.    Over more than a ten (10) year period, Defendant ("the Company") has entered into arrangements with third parties, including but not limited to Adecco North America, LLC; Manpower Professional; ASCI (Guadalajara, Mexico); WIPRO (Bangalore, India); Veritest; and others (collectively "Agencies") to provide employees to perform work at the Company's Boise, Idaho facility ("H-P Boise") and other of Defendant's business facilities throughout the USA.

9.    Plaintiff Class Representative Jennifer A. Miller has worked at H-P Boise for nearly 16 years and has been mis-classified as a "Contractor" when in fact she is and has been and is entitled to "Employee" status.  Ms. Miller was first employed directly with Hewlett-Packard as an acknowledged employee from 1989 to 1995, then engaged as a "contractor" from 1995 to 2000, worked through Veritest from 2000 to 2002, and then was hired through Manpower Professional from August 2002 to her termination date on March 9th, 2005.  Approximately two-thirds (2/3) of the employees in her section were mis-classified as "contractors".

10.    Plaintiff Class Representative Sherry Caito has worked at H-P Boise continuously since approximately December, 1994.  While ostensibly employed since April 1, 1996 with Adecco North America, LLC, Ms. Caito has remained a common-law employee of the Company.

11.    Plaintiff ClassRepresentatives  Timothy L. Taddicken, Greer K. Cimbalik, Laurette

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 3**

Boehler, April Helmbolt, Natalie Woodland, Timothy M. Stratton, Cari Robison, Jerry Miller, Kelly A. Brown, Dean M. Hoffman, Jason Dooley, Kurt Baxter, Quenton Kilgore, Troy L. Sawyer, Ron Curtiss Justin Tarter, Tim O'neill, Dustin Wakefield, Aaron Nielson, Trevor Sherman, Valinda Kay Moats, Wendi Lapinski, Donna Morrison, Blake Tompkins, Lois Fenton, Dusty Black, Shawn Tucker, Richard L. Madison, Theresa Thomas, Barry E. Keene, Louis C. Shaw and Mark Rogers are now and have been similarly mis-classified and deprived of the benefits due to employees as have Plaintiffs Brown and Caito.

12.    Rather than perform discrete projects for the Company, Plaintiff Class Representatives and the other employees furnished by the Agencies have performed ongoing and systematic work for the Company and are, in all significant respects, integrated into the business operations of the Company, including, but not limited to, in the following respects:.

(a)    Specifically, the class members have been required to follow the Company's instructions about when, where and how they are to work.

(b)    The Company trains the class to perform their work in a particular way.

( c)    The class's work is integrated into the business operations generally.

(d)    The Company is interested in the methods used by the class to accomplish the results sought.

(e)    The Company and the class have a continuing relationship.

(f)    The class' hours are set.

(g)    The class members work substantially full time for the Company.

(h)    The work performed by the class is performed on the Company's premises.

(i)    The class is required to perform services in an order or sequence set by the Company.

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 4**

(j)     The class is required to submit regular or written reports to the Company.

(k)     The class is provided tools, materials and other equipment by the Company.

(l)     The Company exercises control over the decisions of the Agencies as to which members of the class to hire, retain, advance, lay off or terminate. Family and friends of employees of the Company are directed to receive preferential treatment by the Agencies

(m)    Neither the class nor the Agencies invest in the facilities used in performance of the work for the Company.

(n)     The class members cannot realize a profit or suffer a loss as a result of their services to the Company, but are rather simply paid a wage.

(o)     The class members do not perform more than *de minimus* services for persons or firms unrelated to the Company.

(p)     The class members' services are made available to the Company exclusively and not to the general public.

13.    In spite of the foregoing, the Company has erroneously misclassified plaintiffs and the Class Members as non-employees. The Company has thereby deprived and denied the class rights, status and benefits to which they are entitled as the Company's "regular" employees including but not limited to wages, health insurance, employee stock options, 401(k) and other pension plans, other insured benefits, pay, paid leave for vacation, holidays, sick leave, other forms of paid leave and progressive discipline. In numerous instances there is a disparity in pay between Company-acknowledged "Employees" and "Contractors" doing substantially the same work side-by-side.

14.    The Company's acts in denying plaintiff Class Representatives and the class

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 5**

members rights, benefits and compensation to which they were and are entitled were and are willful and intentional.

15.     Plaintiffs and the class have been injured by the denial of employee rights, status, benefits and compensation in amounts to be proved at trial.

## PART IV: CLASS ACTION ALLEGATIONS

16.     This action is brought on behalf of all persons presently and/or formerly employed by any Agency for the Company who were misclassified as non-employees of the Company and who have been denied employee rights, status, benefits and compensation.

17.     All named plaintiffs are supplied by Agencies and have been erroneously called non-employees ("Contractors") of the Company and are entitled to, but have been denied full employee rights, status, benefits and compensation.  As such, all plaintiffs are adequate representatives of the class.

18.     The class includes all such persons employed by the "Agencies" and whose number exceeds three thousand (3,000) individuals.

19.     The requirements of Federal Rule of Civil Procedure 23 are met in that:

(a)   The Class is so numerous that joining all members is impracticable.  The Class Members are geographically disbursed throughout the nation, have limited resources, and are unlikely to institute individual actions. The Class is defined as follows:

> Those persons who have been, or now are, employed at Hewlett-Packard facilities in the United States of America from and after March 21st 1999 who have been deprived of the full benefit of "employee" status through having been mis-classified as "Contractors" or "contingent workers" or "temporary workers" or other mis-characterization devices resulting in their being denied employee status and the benefits of employee status..

(b)   The named plaintiffs are adequate representatives of the class because they were

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 6**

treated in the same manner as other class members by the Company and they have been damaged by this treatment in the same manner as other class members by their exclusion from employee rights, status, benefits and compensation.

(c)     There are common questions of law and fact applicable to the entire class, including but not limited to the question whether plaintiffs and other class members were entitled to certain rights, status, types of benefits and compensation accorded to "regular" employees of the Company and/or whether the Company misclassified plaintiffs and other class members, precluding them from receiving the rights, status, benefits and compensation to which they were entitled.

(d)     The claims of the plaintiffs are representative of and typical of the claims of the class and the plaintiffs and their Counsel will fairly and adequately protect the interests of the class. Named Plaintiffs have no interest adverse to or in conflict with other class members. Plaintiffs' Counsel are experienced and competent in presenting major Class Actions.

(e)     The class should be certified as a class action pursuant to, *inter alia,* Rule 23(b)(1) and (b)(2) to avoid the risk of inconsistent or varying adjudications and because final injunctive and/or declaratory relief is appropriate with respect to the class as a whole, or in the alternative under (b)(3) because common questions of law and fact regarding the defendant's liability predominate over any individual questions on the amount of damages to each person. The Defendant, Hewlett-Packard Company, has acted or refused to act on grounds generally applicable to all members of the class, making final Declaratory and Injunctive relief and the award of monetary damages appropriate with respect to the Class as a whole.

Due to the Class Members' fear of retaliation, Plaintiffs will be seeking "opt-out" certification.

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 7**

## PART V: CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Wrongful Denial of Employee Benefits through Mis-classification)

20.     Plaintiffs incorporate paragraphs 1 through 19 above as though fully set forth herein.

21.     The Courts (as well as the IRS), under the Common Law, recognize a 20-part criteria

for determining status of a worker as an employee as follows:

1)     Is the worker required to follow the Company's (H-P in the instant case) instructions about when, where, and how he or she is to work?

**Yes** ☒          **No** ☐

2)     Does the Company train the worker to perform the services in a particular way?

**Yes** ☒          **No** ☐

3)     Are the worker''s services integrated into the business operations generally, which would show that the worker is subject to direction and control?

**Yes** ☒          **No** ☐

4)     Is the worker providing personal services to a Company who is interested in the methods used to accomplish the results?

**Yes** ☒          **No** ☐

5)     Does the worker have assistants whom the Company supervises and pays?

**Yes** ☒          **No** ☐

6)     Do the Company and worker have a continuing relationship?

**Yes** ☒          **No** ☐

7)     Are the worker's hours set?

**Yes** ☒          **No** ☐

8)     Is the worker required to devote substantially full time to the Company?

**Yes** ☒          **No** ☐

9)     Is the work performed on the Company''s premises?

**Yes** ☒          **No** ☐

10)    Is the worker required to perform services in an order or sequence set by the Company?

**Yes** ☒          **No** ☐

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 8**

11)   Is the worker required to submit regular or written reports?

    **Yes ☒**      **No ☐**

12)   Does the worker receive payment by the hour, week, or month (which the IRS considers evidence of an employer-employee relationship)?

    **Yes ☒**      **No ☐**

13)   Does the Company control and pay the worker''s business and/or traveling expenses?

    **Yes ☒**      **No ☐**

14)   Does the Company furnish tools, materials, and other equipment sufficient to show control?

    **Yes ☒**      **No ☐**

15)   Does the Company have the right to discharge the worker?

    **Yes ☒**      **No ☐**

16)   Does the worker have the right to end the relationship with the Company without incurring liability?

    **Yes ☒**      **No ☐**

Affirmative answers to a substantial portion of the preceding 16 questions, together with negative answers to the following four questions help to establish an "**employee**" relationship.

Affirmative answers to the following four questions --- in tandem with negative answers to the 16 questions above — help to establish an "**independent contractor**" relationship:

17)   Did the worker invest in his or her own facilities?

    **Yes ☐**      **No ☒**

18)   Can the worker realize a profit or suffer a loss as a result of his or her services?

    **Yes ☐**      **No ☒**

19)   Does the worker perform more than *de minimus* services for a number of unrelated persons or firms?

    **Yes ☐**      **No ☒**

20)   Does the worker make his or her services regularly available to the general public?

    **Yes ☐**      **No ☒**

22.   At all relevant times the Company made offers to its employees to perform work and services in consideration of certain rights, status, benefits and compensation, which included but was

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 9**

not limited to certain wages, health insurance, employee stock options, 401(k) and other pension plans, other insured benefits, pay, paid leave for vacation, holidays, sick leave, other forms of paid leave and progressive discipline.

23.     The Company breached its contract with plaintiffs and the class by failing to provide the rights, status, benefits and compensation of "regular" employees to plaintiffs and the class as common-law employees.

24.     As a result of the Company's breach, Plaintiffs and the class have been injured by the denial of employee rights, status, benefits and compensation in amounts to be proved at trial.

25.     The Plaintiffs and the Class Members qualify as employees of the Company under the criteria set forth in paragraph 21, *supra*, and under other criteria which have been utilized to establish the status of common law employees by the courts.  In the case of all of the named Plaintiffs and Class Representatives, boxes 17 through 20 would be checked with a "No" and with respect to questions 1 through 16, most of the Class Members are entitled to check all of the boxes "Yes" and the remainder would check "Yes" in the majority of the items. The denial of "employee" status has deprived the Class Members of certain benefits NOT covered by the Company 401(k) plan or the Employees Retirement Income Security Act ("ERISA") such as the following:

**Benefit programs not governed by ERISA**

- Adoption Assistance Program
- Credit Unions
- Dependent Care Reimbursement Account
- Educational Assistance Policy
- Employee Programs
- Flexible work arrangments
- Life Works
- Metlife Auto & Home (formerly METPAY)
- Service awards
- Share Ownership Plan
- Time off programs (vacation, holidays, Paid Time Off [PTO], and leaves of

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 10**

absence)
• Travel assistance program

26.     Defendant should be required to cease and desist such mis-classification and to pay

Class Members such sums in damages as will make them whole for having been deprived of the

non-ERISA covered benefits..

## SECOND CAUSE OF ACTION

### (ERISA and Other Claims)

Plaintiffs give notice hereby that they will seek leave to amend this Complaint following

exhaustion of any necessary administrative remedies in order to assert their claims, as well as those

of the class, for their wrongful exclusion from 401(k) and other benefit plans subject to ERISA.

The H-P 401(k) plan describes "Eligibility" as follows:

> **Eligibility.** You are eligible to participate in the H-P 401(k) Plan on your
> first day of work if you are a regular full-time or regular part-time employee,
> as determined by H-P. Eligible employees include limited-term employees
> and U.S. Employees on foreign assignment (expatriates or foreign-service
> employees) paid on the U.S. payroll. You are not eligible to make
> contributions during any period that you are not being paid from H-P's U.S.
> payroll (for example, during a period of Long-Term Disability or unpaid
> leave).
>
> Individuals classified by H-P as interns, **independent contractors**,
> consultants, temporary employees, leased employees (within the meaning of
> the Internal Revenue Code), or other similar categories are not eligible for
> plan participation. (Emphasis supplied.)

Accordingly, Plaintiffs' Counsel has requested of H-P counsel a stipulation that no

administrative remedy is available under the plan, which request has been denied. Therefore,

Plaintiffs have made their "futile" claim under the plan, and will later move the Court for leave to

Amend this Complaint to  assert any claims which theoretically, although erroneously, may be

purported by Defendant to require exhaustion of administrative remedies.

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 11**

## PART VI:  RELIEF REQUESTED

Plaintiffs, on behalf of themselves and the class, request the following relief:

1.      Declaratory relief holding that the Company's practices in denying them employee rights, status, benefits and compensation violate applicable law;

2.      An injunction against further violations and requiring compliance with the law;

3.      Retroactive and prospective benefits and compensation, in amounts to be determined;

4.      Other damages for the Company's breach of contract;

5.      Liquidated, double and treble damages as provided by applicable state and federal laws;

6.      Pre-judgment interest;

7.      Attorney fees, litigation expenses, costs and such other and further relief as may be meet and equitable in the premises, including compensation to Class Representatives and Attorneys under the Class Action procedures when a common fund has been established for the benefit of the class.

8.      Plaintiffs hereby give notice that at the appropriate time they will move to amend this complaint and prayer to include relief in the form of punitive damages pursuant to Idaho Code § 6-1604(2) and any other applicable state laws.

9.      Plaintiffs request leave to conduct and receive discovery prior to motion, briefing, and hearing re Class Certification.

### PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

DATED this 21 day of March, 2005.        HUNTLEY PARK LLP

By: _____

Robert C. Huntley

**COMPLAINT (CLASS ACTION) AND DEMAND FOR JURY TRIAL - 12**