IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER A. MILLER, SHERRY CAITO, TIMOTHY L. TADDICKEN, GREER K. CIMBALIK, LAURETTE BOEHLER, APRIL HELMBOLT, KELLY A. BROWN, NATALIE WOODLAND, TIMOTHY M. STRATTON, CARI ROBISON, JERRY MILLER, DEAN M. HOFFMAN, JASON DOOLEY, KURT BAXTER, QUENTON KILGORE, TROY L. SAWYER, RON CURTISS, JUSTIN TARTER, TIM O'NEILL, DUSTIN WAKEFIELD, AARON NIELSON, TREVOR SHERMAN, VALINDA KAY MOATS, WENDI PANINSKI, DONNA MORRISON, BLAKE TOMPKINS, LOIS FENTON, DUSTY BLACK, SHAWN TUCKER, RICHARD L. MADISON, THERESA THOMAS, BARRY E. KEENE, LOUIS C. SHAW, and MARK RODGERS,<br><br>    Plaintiffs,<br><br> v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware Corporation,<br><br>    Defendant. | Case No. CV-05-111-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**Memorandum Decision and Order -- Page 1**

## INTRODUCTION

The Court has before it Plaintiffs' Motion for Leave to Amend Complaint (Docket No. 61). Plaintiffs' seek to amend their complaint by dismissing 22 of the 48 named plaintiffs and by making it clear that they are not asserting ERISA claims at this time. Defendant Hewlett-Packard Company ("HP") does not oppose Plaintiffs' request to amend. However, HP argues that the 22 dismissed plaintiffs should be dismissed with prejudice, and that Plaintiffs' reference to future ERISA and WARN Act claims, paragraph 5 of the proposed Second Amended Complaint, should be stricken.[1] The Court has determined that oral argument is not necessary and issues the following decision based on the briefs.

## ANALYSIS

Courts have dismissed, with prejudice, plaintiffs who stated a desire to withdraw from a case or failed to respond to discovery requests. *See Diaz v. Ward*, 1987 WL 13723, *3 (S.D.N.Y. 1987); *see also Le Beau v. Libbey-Owens*. This

---

[1] HP also argues that it should be allowed to conduct limited discovery of the 22 dismissed plaintiffs, and that HP should be awarded its fees and costs associated with the written discovery it has already propounded upon the 22 dismissed plaintiffs. At the status conference held in this matter on August 7, 2006, the parties agreed to a limited discovery process, which will occur between now and November, at which time the Court will hold another status conference. The outcome of this process may resolve these discovery issues. Therefore, the Court will not rule on these issues at this time. HP may renew the issues at the November status conference to be conducted on November 14, 2006 at 8:00 a.m. if they have not been resolved by that time.

**Memorandum Decision and Order -- Page 2**

Court agrees with such reasoning, noting that if a plaintiff refuses to engage in the litigation process, he or she should be dismissed from the case with prejudice.

In this case, Plaintiffs' counsel states that 22 named plaintiffs have either indicated their desire to drop out as class representatives or failed to comply with counsel's discovery requests. Plaintiffs' counsel does not indicate which of the 22 plaintiffs stated a desire to drop out as representatives and which of them have failed to comply with counsel's discovery requests. The Court will assume that none of the 22 individuals have complied with the discovery requests, and therefore dismiss all 22 individuals from this case with prejudice. However, if Plaintiffs' counsel can provide the Court with evidence that an individual has, in fact, complied with the discovery requests, and is only requesting that he or she not be a class representative, as opposed to a desire not to be involved in the case at all, the Court will reconsider its decision. The Court will note that if Plaintiffs seek reconsideration, Plaintiffs must present evidence in the form of declarations, affidavits and/or deposition testimony of an individual plaintiff as opposed to an attorney's representation. Furthermore, such evidence must be presented prior to the Rule 16 conference that is scheduled for November 14, 2006 in this matter.

Finally, with respect to striking paragraph 5 of the proposed Second Amended Complaint which relates to the ERISA and WARN Act claims, Plaintiffs

**Memorandum Decision and Order -- Page 3**

concede that it should be deleted.  Accordingly, the Court will order Plaintiffs to excise paragraph 5 from the proposed Second Amended Complaint.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that  Plaintiffs' Motion for Leave to Amend Complaint (Docket No. 61) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall file their Second Amended Complaint within five (5) days of the date of entry of this Order.  Paragraph 5 of the proposed Second Amended Complaint shall be excised from the final Second Amended Complaint.

IT IS FURTHER ORDERED that the 22 individuals deleted from the First Amended Complaint shall be DISMISSED WITH PREJUDICE.  If Plaintiffs wish the Court to reconsider this decision, Plaintiffs shall have until November 14, 2006 to provide the Court with evidence, as explained above, that an individual has responded to discovery requests and is only requesting that he or she not be a

class representative in this matter.

DATED: **August 25, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order -- Page 5**